## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| LOUIS B. STREDIC, JR., | § | |
| (TDCJ-CID #00789666) | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-07-0961 |
| | § | |
| C. ADKINS, *et al.,* | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ON DISMISSAL

Louis B. Stredic, Jr., a Texas Department of Criminal Justice inmate, filed this in March 2007, alleging a denial of due process and excessive use of force. Stredic, proceeding *pro se,* sues C. Adkins, J. P. Jarwick, and Sue Selleck, officers with the Alvin Police Department; Keith G. Allen, an assistant district attorney in Angleton, Texas; and John Adams, Warden of the West Texas Hospital.

Although Stredic has not paid the $350.00 filing fee; it appears that he intends to proceed *in forma pauperis.* The threshold issue is whether Stredic's claims must be dismissed under the three-strikes provision of 28 U.S.C. § 1915(g).

## I.     Stredic's Allegations

Stredic states that following administrative procedures in 1980, unidentified persons determined that he was mentally disabled. The Veteran's Medical Center determined that Stredic was incompetent in 1987. Stredic explains that he was arrested on September 23,

1996. (Docket Entry No. 3). Officer Adkins filed an investigation report stating that Stredic had burglarized his aunt's home.  Officer Jarwick relied on that report to arrest Sredic without a warrant and charge him with burglary with intent to commit sexual assault. Assistant District Attorney Allen caused Stredic to be placed in a mental institution.  Stredic alleges that Brazoria County officials have caused him to be unlawfully restrained for eighteen years.  Stredic submits copies of excerpts from psychiatric evaluations.

As relief, Stredic asked this court to view a videotape showing the use of force against him.  Stredic also seeks unspecified monetary damages and release from his unwarranted detention.

## II.    Analysis

A prisoner may not bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Stredic's litigation history reveals that before filing this action, he had at least three suits dismissed as frivolous.  *Stredic v. McCleod*, 2:99-0369 (N.D. Tex.) (dismissed for failure to state a claim on May 4, 2000); *Stredic v. Fernald*, 5:00-0001 (N.D. Tex.) (dismissed as frivolous on March 28, 2001); and *Stredic v. Yenning*, 5:01-0234 (N.D. Tex.) (dismissed as frivolous on October 15, 2001).   In another suit filed after these three dismissals, the court applied the three-strike provision.  In Civil Action Number 5:06-150 in the United States District Court for the Northern District of Texas, Stredic complained of his

transfer from the Daniels Unit to the Montford Unit.  He further complained of the treatment by guards during the transfer; verbal harassment and threats by guards at the Montford Unit; deliberate indifference to his medical conditions; racial discrimination by guards; and unconstitutional conditions at the Montford Unit.  The court noted that Stredic did not provide any information regarding the injuries suffered or the dates and times of the alleged incidents.  After carefully reviewing Stredic's pleadings,  the court determined that none of Stredic's complaints showed that he was under imminent danger of serious physical injury when he filed his complaint on July 14, 2006.  The United States District Court for the Northern District of Texas determined that Stredic was barred from proceeding as a pauper under 28 U.S.C. § 1915(g).  The court ordered Stredic to pay the $350.00 filing fee within thirty days.  When Stredic did not pay the fee, the court dismissed his complaint for want of prosecution on September 7, 2006.

In the present case, Stredic is complaining about law enforcement officials and a prosecutor who were involved in Stredic's 1996 criminal conviction.  Stredic argues that the police officers and the prosecutor are responsible for his current confinement in the Montford Unit, which is a psychiatric unit of the TDCJ-CID located in Lubbock, Texas.  Construed liberally, Stredic alleges excessive force against Warden Adams, based on events at the Montford Unit.  Stredic provides no information such as the date of the incidents or the names of the officers involved.  Stredic's exhibits show that he has been confined at the Montford Unit since May 26, 2003. (Docket Entry No. 3, p. 4).  Stredic filed his complaint and letter while at the Montford Unit.  Nothing in Stredic's complaint or letter suggests that

he is in imminent danger of serious physical injury.   Stredic is barred under 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in this action.

## III.   Conclusion

Stredic's constructive motion to proceed as a pauper, (Docket Entry No. 1), is denied. The complaint filed by Louis B. Stredic, Jr., (TDCJ-ID #00789666), is dismissed under 28 U.S.C. § 1915(g).[1]   All pending motions are denied.   Stredic is warned that continued frivolous filings may result in the imposition of sanctions.

The TDCJ-CID must continue to deduct twenty percent of each deposit made to plaintiff's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)   the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2)   the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

---

[1]   In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1998), the Fifth Circuit barred an inmate from proceeding further under the statute, except for cases involving an imminent danger of serious physical injury, and dismissing all of Adepegba's i.f.p. appeals pending in that court. The Fifth Circuit noted that the inmate could resume any claims dismissed under section 1915(g), if he decides to pursue them, under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.

(3)      the District Clerk for the Eastern District of Texas, 211 West Ferguson,

Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on March 27, 2007, at Houston, Texas.

Lee H. Rosenthal
United States District Judge